FALLS SAV. & LOAN ASSN. v. BRUMIT et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1441. Decided Jan. 5, 1928.

**First Publication of this Opinion.**

Syllabus by the Court.

755. MECHANIC'S LIENS—1247. Waivers—787. Mortgages—953a. Priority—

1. The right to a mechanic's lien, or the right to have a mechanic's lien operative from a particular date, may be impliedly waived.

2. A merchant, without an entire contract therefor, furnished materials from time to time for the construction of a building; while the building was under construction, the owner executed a mortgage thereon and instructed the mortgagee to pay all liens and claims then due against said property, which was done, and said merchant, knowing said facts, accepted payment for the materials so furnished by him; thereafter, from time to time as ordered, said merchant furnished additional materials which were used in the construction of said building, some of which were paid for out of said fund, and in perfecting a mechanic's lien on said building, said merchant set forth in his account said materials for which he had been paid and claimed a lien as of the date of his first delivery of materials upon the job; held: that as against said mortgagee, said merchant impliedly waived his right to a mechanic's lien effective from the date of the first furnishing of materials, which were paid for as stated.

Appeal from Common Pleas.
Decree for plaintiff.

Rockwell & Grant, Akron, for Falls Savings & Loan Assn.

Motz & Morris, Cuyahoga Falls, for Brumit et.

FULL TEXT.
WASHBURN, PJ.

In this case we find that, without an entire contract therefor, The Falls Lumber Co., between April 16, 1925, and June 29, 1926, furnished materials to J. H. Brumit for use by him in the construction of his house; that previous to June 29, 1926, there was a mortgage on Brumit's property and also a mechanic's lien, and that just previous to said date Brumit gave a mortgage to The Falls Savings & Loan Assn. for an amount sufficient to pay said first mortgage and said mechanic's lien and the claim of said Lumber Co., and probably finish said house; that from the proceeds of said mortgage of The Falls Savings & Loan Assn. said other mortgage and said lien and the amount then due said Lumber Co. was paid.

That thereafter Brumit bought other materials from said Lumber Co. for use in finishing his house, some of which materials were paid for by The Falls Savings & Loan Assn.

from the proceeds of its mortgage by direction of Brumit and were treated by said Lumber Co. as cash transactions, and others of said materials so furnished after June 29, 1926, were charged against Brumit.

Said Lumber Co. furnished no materials after Nov. 20, 1926, until June 16, 1927, a period of about seven months, when, for the purpose of perfecting a mechanic's lien on Brumit's property, said Lumber Co. solicited Brumit to and he did purchase a small amount of materials, which the Lumber Co. delivered at Brumit's house on June 18, 1927, and on the same day and before noon, said Lumber Co. filed an affidavit for a mechanic's lien on an account which not only included the materials purchased by Brumit on credit after June 29, 1926, but also the materials purchased before that date and which had been paid for by The Falls Savings & Loan Assn., as hereinbefore stated.

The Lumber Co. is now claiming that its lien dates from April 16, 1925, and is superior to the mortgage of The Falls Savings & Loan Assn.

We find from the evidence in this case that it was the intention of all of the parties to this action that the account of the Lumber Co. against Brumit previous to June 29, 1926, should be and that it in fact was extinguished by the payment of the same on that day by The Falls Savings & Loan Assn., from the proceeds of its mortgage, and that the Lumber Co. impliedly waived its right to a lien for the items of the account previous to June 29, 1926; and there being no entire contract, said account could not thereafter form the basis of a mechanic's lien.

The contract which the law implied from the mere purchase and delivery of materials previous to June 29, 1926, was fully satisfied by the payment made under the circumstances here indicated, and the contract which the law implied from the subsequent purchase and delivery of materials was a separate and distinct contract and constituted a new account, and the lien of said Lumber Co. therefore dates from the date of the first delivery of materials after June 29, 1926, to wit, July 2, 1926, and said lien is inferior to the lien of said mortgage of The Falls Savings & Loan Assn.

While it is true that a period of seven months elapsed between the last and the next preceding item of said account and that but for the last item no lien could have been perfected, we find that Brumit knew of the purpose of said last transaction and acquiesced in it and is bound thereby, and as we have already found, for the reasons hereinbefore stated, that it does not affect the rights of the Loan Co., it is not necessary to determine the question of the validity of the lien as against the Loan Co.

We do not find that the mortgage of The Falls Savings & Loan Assn. is invalid because it was acknowledged before a notary who was a stockholder, but not an officer, of the company, and was witnessed by a person who was the secretary of the company.

Reed v. Loan Co., 68 OS. 280.

A decree may be drawn in accordance with this decision.

(Funk, J., and Pardee, J., concur in judgment.)