In the Matter of Ramon L. **HOFACKER**,
Carol S. **Hofacker**, Debtors.

Bankruptcy No. 3–83–00787.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 15, 1983.

Augustus L. Ross, III, West Alexandria, Ohio, for debtors.

Eugene Jablinski, Dayton, Ohio, trustee.

Vanessa D. Walton, Asst. U.S. Atty., Dayton, Ohio.

### DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Presently before the court are the United States of America's Objection and the debtors' Objection to the Sale of Real Estate proposed by the Trustee.

Ramon L. and Carol S. Hofacker, husband and wife, own and reside at certain real estate in Eaton, Ohio. On September 21, 1977, the Hofackers executed and delivered to the Farmers Home Administration, (FHA), United States Department of Agriculture (US), a real estate mortgage in order to secure the payment of a promissory note. The Hofackers promised to pay the principal amount of $22,900 with interest at 8% per annum. This mortgage was recorded on September 29, 1977, in the Mortgage Records of Preble County, Ohio, with the signatures of one witness and the notary to attest the acknowledgment.

The Hofackers subsequently filed a voluntary petition in this Bankruptcy Court under Chapter 7 on April 7, 1983. On July 27, 1983, the Trustee filed a Notice of Sale with respect to the subject real estate, requiring any objections thereto to be filed within 10 days. In this notice, the Trustee stated that the property had been appraised at $35,000.00 and that the "mortgage had not been property executed and [the] mortgage has not complied with the Ohio statute § 5301.01 of the Ohio Revised Code, in that said mortgage has not been witnessed by two witnesses as required by the statute, and is therefore defective on its face."

§ 5301.01 reads:

§ 5301.01 Acknowledgment of deeds, mortgages, and leases.

A deed, mortgage, land contract as referred to in division (B)(2) of section 317.-08 of the Revised Code, or lease of any interest in real property must be signed by the grantor, mortgagor, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment.

On August 8, 1983, the Hofackers filed an objection to notice of the sale, claiming that after consideration of their exemption and the mortgage to the FHA, there would be no equity to distribute to their creditors and that the FHA has a valid first lien on the real estate. No brief was filed.

The U.S. then filed its Objection on August 11, 1983; and in a brief dated October 5, 1983, maintained that the execution of the FHA mortgage was "in fact acknowledged in the presence of two witnesses," one of whom, Augustus L. Ross, III, the Hofackers' attorney who signed as notary, "inadvertently failed to subscribe his name on the acknowledgment clause." The U.S. further maintains that since "it was the express and manifest intention of the [parties] to perfect a valid lien," Ohio Revised Code § 2719.01 should be used to cure this defect. This section reads as follows:

§ 2719.01 Intention of parties, (G.C. § 12210).

"When there is an omission, defect, or error in an instrument in writing or in a proceeding by reason of the inadvertence of an officer, or of a party, person, or body corporate, so that it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

■ As the U.S. notes in its brief, the law of Ohio is clear on this matter: Ohio courts have consistently held that a mortgage which is attested by only one witness is invalid. *See e.g. Wright v. Franklin Bank,* 59 Ohio St. 80, 51 N.E. 876 (1898). Since the statutory requirement was not met, I hold that the purported real estate mortgage filed by the U.S. acting through the FHA is void as a mortgage lien, thus enabling the Trustee to sell the real estate free and clear of liens and encumbrances except for real estate taxes.

The U.S. would distinguish these facts from those in *Matter of Clayton,* Nos. 23135 and 23136 (S.D.Ohio, filed March 17, 1967), in which this Court held a mortgage to be invalid against subsequent lien holders, including the trustee, where it had been witnessed by only one person. Here the U.S. claims that Ross was the second witness but just forgot to sign his name in that capacity, although he remembered to sign as notary. The U.S. has offered no evidence (in the form of signed affidavits or depositions, etc.) that the mortgage was indeed signed in the presence of Ross; it offers only a single, bald statement to that effect in its brief. Even if it had adduced such evidence, the fact remains that Ross did not sign as a witness. The statutory requirement that "two witnesses ... shall attest the signing and subscribe their names to the attestation" was not met.

In *Read v. Toledo Loan Co.,* 68 Ohio St. 280, 67 N.E. 729 (1903), the Supreme Court of Ohio found the contested mortgage to be valid where the same man acted as notary and witness, where he signed in both capacities. However, where the notary does not sign in both capacities, his name cannot be regarded as the name of a witness, so as to supply the lack of the number or witnesses required by the statute. See, *White v. Denman,* 1 Ohio St. [110] 111 (1853). Here, Ross signed only once, in the capacity as notary.

■ In suggesting that § 2719.01 could be used to cure the defect, the U.S. would have this court completely ignore the Supreme Court of Ohio's prohibition against such use. In *Delfino v. Paul Davies Chevrolet, Inc.,* 2 Ohio St.2d 282, 31 Ohio Op.2d 557, 209 N.E.2d 194 (1965), when confronted with just this argument the Supreme Court at 209 N.E.2d 197 wrote:

[2, 3] This is not the intent or purpose of Section 2719.01, Revised Code. Such section relates only to technical defects in instruments. It saves instruments which do not comply strictly with the technical requirements as to content; it does not relieve the parties from complying with the mandatory requirements of Section 5301.01, Revised Code, having to do with the formal requirements in executing instruments relating to the transfer of real property.

[4] The curative effect of Section 2719.01, Revised Code operates to validate instruments in relation to technical defects of content. It does not validate a lease which does not comply with the mandatory requirements of Section 5301.-01, Revised Code, as to execution.

There is considerable logic to the position urged by the government, since the standard conveyance acknowledgment form (as *instanter*) used in Ohio recites that, "Before me, a Notary Public, in and for said County, personally appeared the above named Ramon L. Hofacker and Carol S. Hofacker, his wife, who acknowledged they did sign the foregoing instrument, and that the same is their free act and deed." Ordinarily, the notary might have served as one of the witnesses. Unfortunately, if so *arguendo,* the two witnesses do not appear on the document, conformably to the Ohio statutes as interpreted by the Ohio Supreme Court. Federal courts are constrained to follow "the law of the state" doctrine as to matters of state statutory law, as first declared in *Swift v. Tyson* (1842) 41 U.S. 1, 16 Pet. 1, 10 L.Ed. 865 and particularly as to state recording statutes *instanter. See Townsend v. Todd* (1875) 91 U.S. 452, 1 Otto 452, 23 L.Ed. 413. The facts are not subject to interpretation, as in the decision by this Court *In Re Frontier Ranch, Inc.,* (1967) Case No. 37776 (at Columbus).

Since the mortgage at issue was not entitled to record, it was binding only as between the parties and not as to the trustee in bankruptcy as hypothetical lien creditor. 11 U.S.C. § 544(a)(1) and (2).

Turning now to the Hofackers objection after having held that the FHA mortgage is invalid, it is noted that there would be sufficient equity from the sale to distribute to creditors, so their objection is without merit.

For the above reasons, the mortgage held by the FHA is invalid as to the Trustee and the objections to sale of the property are meritless, and the Trustee is ORDERED to sell the subject real estate, subject only to any lien for real estate taxes.