In re FLOATER VEHICLE,
INC., Debtor.

William B. LOGAN, Jr.,
Trustee, Plaintiff,

v.

The KINGSTON NATIONAL
BANK, Defendant.

Bankruptcy No. 2–86–02277.
Adv. No. 2–88–0229.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Sept. 8, 1989.

Deborah P. Ecker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for plaintiff.

Joseph A. Giampapa, Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendant.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Statement*

This matter is before the Court upon the Motion for Summary Judgment filed by Kingston National Bank ("KNB"). A memorandum in opposition to KNB's motion and a cross-motion for summary judgment have been filed by William B. Logan, the duly-appointed trustee in the Chapter 7 case of *In re Floater Vehicle, Inc.*, No. 2–86–02277 ("Trustee"). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K).

### II. *Arguments of the Parties*

KNB moves this Court for an entry of summary judgment in its favor upon the Trustee's Complaint to Avoid Mortgages Pursuant to Section 544(a) of the Bankruptcy Code ("Complaint"). The Trustee's Complaint seeks avoidance of mortgages granted by Floater Vehicle, Inc. ("Floater") to KNB to secure repayment of two promissory notes executed by Floater in favor of KNB. The mortgages in question are invalid, the Complaint alleges, because such mortgages were not executed in accordance with the attestation requirements delineated in Ohio Revised Code ("O.R.C.") § 5301.01. Specifically, the Trustee alleges that attestation of the mortgages by an officer and an employee of KNB renders such mortgages invalid as a matter of law. KNB, on the other hand, submits that its mortgages are not subject to avoidance. The mere fact that the mortgages were witnessed by its employee and an officer of

the Bank, KNB argues, does not render such mortgages invalid under Ohio law.

Because the instant adversary proceeding involves a purely legal dispute—there are no genuine issues of material fact—the parties agree that this proceeding is ripe for summary judgment. *See* Bankruptcy Rule 7056(c).

### III. *Statement of Undisputed Facts*

The cross-motions for summary judgment are based upon the following undisputed material facts:

(1) On or about January 31, 1977, Russell and Kathryn Jones (collectively "Jones") executed a mortgage in favor of KNB ("Mortgage I") upon several parcels of real property located in Ross County, Ohio (the "Property"). Mortgage I secured repayment of an obligation of Floater and Russell Jones (the President of Floater) to KNB in the principal amount of $400,000;

(2) The signing of Mortgage I was witnessed by Marvin L. Stulley ("Stulley") and Charles M. Search ("Search"). Stulley was Vice–President of KNB at the time Mortgage I was executed; Search was an employee of KNB at such time;

(3) At some undisclosed time after Mortgage I was executed, the Property was conveyed by Jones to Floater;

(4) A second mortgage ("Mortgage II") on the Property was granted to KNB by Floater on September 23, 1983. Mortgage II secured an obligation of Floater to KNB arising under a promissory note in the principal amount of $300,000;

(5) Stulley, who at the time of the execution of Mortgage II was the President of KNB, and Roger Strausbaugh, an employee of KNB, served as attesting witnesses to the signing of Mortgage II by Russell Jones; and

(6) All witnesses to Mortgages I and II signed their names in an individual capacity—*i.e.*, no designation of the witnesses' position with KNB was made.

### IV. *Conclusions of Law*

As noted above, the Trustee claims that he may avoid Mortgages I and II by invoking the "strong-arm" powers granted by 11 U.S.C. § 544(a)(1) and (3). Under subsections 544(a)(1) and (3) of the Bankruptcy Code, the Trustee may avoid any transfer that is subject to avoidance by a hypothetical lien creditor or a bona fide purchaser. *See Stern v. Continental Assur. Co. (In re Ryan)*, 80 B.R. 264, 265 (D.Mass.1987); *Matter of Hofacker*, 34 B.R. 604, 607 (Bankr.S.D.Ohio 1983); *Bezanson v. Laconia Savings Bank (In re Bertholet Enterprises, Inc.)*, 88 B.R. 9, 10 (Bankr.D.N.H.1987). Under Ohio law, a defectively-executed mortgage is not entitled to record and is not binding as to a trustee in bankruptcy in his capacity as a hypothetical lien creditor/bona fide purchaser. *Hofacker*, 34 B.R. at 607. Accordingly, the Trustee posits that because Mortgages I and II were not validly executed, they may be avoided pursuant to § 544(a)(1) and (3) of the Code.

The lynchpin of the Trustee's argument is that Mortgages I and II were not executed in conformance with the requirements imposed by O.R.C. § 5301.01, which states:

§ 5301.01 Acknowledgment of deeds, mortgages, and leases.

A deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, or lease of any interest in real property must be signed by the grantor, mortgagor, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment.

Mortgages I and II fail to meet the requisites for execution established by O.R.C. § 5301.01, the Trustee argues, because the mortgages were witnessed by employees of KNB, the grantee of the mortgages. The Trustee cites the Ohio Supreme Court decision of *Amick v. Woodworth*, 58 Ohio St. -86, 50 N.E. 437 (1898) in support of this proposition.

In *Amick*, the Ohio Supreme Court held that the grantee of a mortgage may not serve as an attesting witness. Points 1 and 2 of the syllabus of the *Amick* opinion provide as follows:

1. A grantee in an instrument for the conveyance or incumbrance of real property is disqualified, on grounds of public policy, to be an attesting witness to its execution, or to act in an official character in taking and certifying the acknowledgment of the grantor.

2. A mortgage with but one attesting witness beside the mortgagee, or the acknowledgment of which was taken by him as a notary public, is not entitled to record, nor valid, though admitted to record, as against a subsequent properly executed and recorded mortgage.

58 Ohio St. at 86, 50 N.E. 437. In *Amick* the attesting witness—a Mr. Ludlow—was, in essence, a straw party. Ludlow merely obtained a commission from the mortgagors (the Woodworths) for securing a source of financing for them. The grantee of the mortgage, who provided the financing to the Woodworths, was a Mr. Hughes. Ludlow was the nominal mortgagee, but shortly after the execution of the mortgage it was assigned by Ludlow to Hughes. Nonetheless, the Supreme Court found the mortgage to be defectively executed, stating:

The statute does not in express terms forbid a grantee in an instrument for the conveyance or incumbrance of real property to take and certify the grantor's acknowledgment, nor disqualify him as a witness to its execution, nor declare an instrument so attested and acknowledged to be void. Nor, does the effect of such attestation or acknowledgment on the validity of the instrument appear to have been considered in any reported decision of this court. It is generally held, however, in other states, under statutes similar to ours, that deeds and mortgages so attested and acknowledged are not entitled to record; and, if recorded, are inoperative as constructive notice to persons who subsequently acquire an interest in or lien on the property. The reason given in some of the cases is, that taking an acknowledgment of such an instrument is a judicial, or *quasi* judicial act, and comes within the rule that one cannot be a judge in his own case. This reason would not apply to the attestation by the grantee. The true reason of the disqualification we apprehend is, that to permit a grantee to attest as a witness the execution of an instrument made to himself, or take its acknowledgment as an officer, where its attestation and acknowledgment are necessary to give it validity, would be against public policy, and practically defeat the real purpose of the law, which is to prevent the perpetration of frauds on the grantors, and afford reasonable assurance to those who deal with or on the faith of such instrument that they are genuine and represent *bona fide* transactions.

In this particular instance Mr. Ludlow appears to have acted in good faith, and under an honest belief that his acts would be legal because he was but the nominal mortgagee, having no substantial interest or but a very small one in the mortgage, the real party beneficially interested being Mr. Hughes. The mortgage is nevertheless invalid. The rule of disqualification must be of general application, and not made to depend upon the result of inquiry into the motives of the parties; for such a modification of the rule would necessarily open the door to the mischiefs it was designed to prevent. It is probably unnecessary to notice that this question was not involved in *Johnson v. Turner*, 7 Ohio (pt. 2), 216, and that case is unaffected.[1]

58 Ohio St. at 99–101, 50 N.E. 437.

Relying upon *Amick* the Trustee submits that because Mortgages I and II were acknowledged by employees of KNB, the grantee, such mortgages are invalid. This argument, which is based upon an expansive reading of *Amick* that has not gained acceptance by Ohio courts, is not compelling. In its subsequent decision in *Read, Assignee v. Toledo Loan Co.*, 68 Ohio St. 280, 67 N.E. 729 (1903), the Ohio Supreme Court was confronted with the argument that a mortgage attested and acknowledged by stockholders of the grantee bank was invalid. There, the court expressly distinguished *Amick*, stating:

> In the case of *Amick v. Woodworth*, the instrument, the validity of which was in controversy, was acknowledged before, and was witnessed by, the person named therein as grantee, which fact readily distinguishes it from the case we are here considering. And that this distinction was not overlooked, but was clearly recognized by the court, affirmatively appears from the language of Williams, J., who prepared the opinion in that case, when he says: "It is probably unnecessary to notice that this question was not involved in *Johnson v. Turner*, 7 Ohio (pt. 2) [216] (1936) and that case is unaffected."

68 Ohio St. at 300–301, 67 N.E. 729. The *Read* court's holding is set forth in Point 1 of the syllabus of that decision:

> "A mortgage executed agreeably to the provisions of Section 4106, Revised Statutes of Ohio, and attested and acknowledged as therein provided, is not invalid and cannot be impeached, in the absence of fraud and undue advantage, merely because the witnesses who attest the signature of the mortgagor and the notary public taking his acknowledgment are stockholders of, but not otherwise interested in the corporation named in said mortgage as grantee."

68 Ohio St. at 280, 67 N.E. 729. It stands to reason that if a stockholder of the mortgagee is not disqualified to serve as an attesting witness, then an employee of the grantee, having even less of a personal interest in the grantee's transactions, clearly should be permitted to serve as an attesting witness.

That the *Amick* holding should be narrowly confined to the facts in that case— *i.e.*, where the grantee himself, as opposed to an agent, employee or stockholder of the grantee, witnessed the mortgage—has been reaffirmed by subsequent decisions of the Supreme Court of Ohio and lower state courts. *See, e.g., State ex rel Reed v. Malrick*, 165 Ohio St. 483, 488, 137 N.E.2d 560 (1956) (*dicta*); *Falls Savings & Loan Ass'n. v. Brumit*, 28 Ohio App. 60, 63, 161 N.E. 295 (Ct.App. Summit Cty.1928) (mortgage acknowledged by notary who was a stockholder and witnessed by secretary of the company held to be valid).

In short, neither *Amick* nor subsequent Ohio case law support the proposition urged by the Trustee—that attestation of a mortgage by an agent or employee of the grantee renders it invalid. Furthermore, such a rule clearly would be at odds with modern-day commercial practices. Having concluded that Mortgages I and II were properly attested, the Trustee may not avoid such mortgages pursuant to 11 U.S.C. § 544(a)(1) and (3).

Based upon the foregoing, KNB's motion for summary judgment is GRANTED. The Trustee's cross-motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

1. In *Johnson v. Turner,* the Ohio Supreme Court held that a witness to a trust deed given to secure an indebtedness to a bank, who at the time of the deed's execution was a stockholder in the bank, was not thereby disqualified to act as an attesting witness and the deed therefore could not be rendered invalid for lack of sufficient attestation.