In re Robert A. CHECK, Debtor.

Brian A. BASH, Trustee, Plaintiff,

v.

Robert A. CHECK, et al., Defendants.

Bankruptcy No. B89–01878.

Adv. No. B89–0577.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 5, 1991.

M. Colette Gibbons, Cleveland, Ohio, for plaintiff.

Alan G. Sandler, Richard Baumgart, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

This matter is before the Court on Trustee's First Amended Complaint to determine validity and priority of liens and to set aside fraudulent conveyance and/or preferential transfer to which answers were filed. At pretrial, the parties agreed to submit for preliminary determination the issue of the legality of Defendant, Alan Sandler's attestation of his mortgage under Ohio Law. There is no just reason for delay and judgment on this claim is appropriate at this time. Bankr.Rule 7054 as it incorporates Fed.R.Civ.Proc. 54(b). The parties have briefed this legal issue. Other issues raised in the pleadings will be determined subsequently. The Court has jurisdiction regarding this core adversary proceeding. 28 U.S.C. §§ 1334(a), (b), 157(b)(2)(F), (H), (K), (N). Relevant facts are undisputed:—

1) Robert A. Check filed a petition under Chapter 7 of the United States Bankruptcy Code on May 12, 1989. Plaintiff, Brian Bash was appointed Trustee in this case on May 23, 1989.

2) Trustee filed a complaint to sell real estate located at 15499 Martin Drive, North Royalton, Ohio on October 31, 1989. The sale was confirmed by order of June 21, 1990 at a gross sales price of $148,000. Pursuant to the order, claims, liens and encumbrances were transferred to the fund created by the sale. Some disbursements were subsequently authorized by order of June 25, 1990. After payment of the first and second mortgage and costs of sale, Trustee is holding the sum of $40,482.18.

3) Alan Sandler, by answer, has asserted an interest in the proceeds of sale pursuant to his $27,000.00 mortgage which is the third lien. Trustee challenges this mortgage on various grounds in the first amended complaint. At issue is his challenge based on improper notarization under Ohio law.

4) The Sandler mortgage was granted by Debtor to Alan G. Sandler on April 21, 1986. The mortgage was notarized by Alan G. Sandler, Debtor's attorney, and was recorded on December 4, 1987 in the Cuyahoga County Records, Volume 87–7744, Page 12.

▮ Section 5301.01 of the Ohio Revised Code provides as follows:—

"§ 5301.01 *Acknowledgment of deeds, mortgages, and leases.*

A deed, *mortgage*, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, or lease of any interest in real property *must be signed by the* grantor, *mortgagor*, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. *Such signing must be acknowledged by the* grantor, *mortgagor*, vendor, or lessor *before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment.*" (emphasis added)

An acknowledgment is necessary to the validity of a mortgage pursuant to this section. See generally 1 Ohio Jur.3d, Acknowledgments, Affidavits, Oaths and Notaries, §§ 1, 2, 3 (1977). This requirement is imposed to prevent perpetration of frauds on grantors and to provide reasonable assurance the instrument is genuine. Pursuant to Ohio case law, as a matter of public policy, a mortgagee is absolutely disqualified from certifying the acknowledgment of a mortgagor. *Amick v. Woodworth*, 58 Ohio St. 86, 50 N.E. 437 (1895). Mortgages containing acknowledgments so certified are invalid. *Amick.* The invalid mortgage is not entitled to be recorded and thus is not constructive notice either of its existence or its contents. *Amick, The Citizen's National Bank in Zanesville v. Denison*, 165 Ohio St. 89, 133 N.E.2d 329 (1956). The invalid lien is binding only between the parties and is not effective against a valid judgment lien. *The Wayne Building and Loan Co. v. Hoover*, 12 Ohio St.2d 62, 231 N.E.2d 873 (1967). See also

*Logan v. Kingston National Bank (In re Floater Vehicle, Inc.)*, 105 B.R. 420 (Bankr. S.D.Ohio 1989); *In re Hofacker*, 34 B.R. 604 (Bankr.S.D.Ohio 1983).

Section 544 of the Bankruptcy Code invests the Trustee with certain strong-arm powers. 11 U.S.C. § 544. "The trustee's status under Section 544(a) and power to avoid transfers voidable by a judicial lien creditor, unsatisfied execution creditor, or bona fide purchaser of real property under Section 544(a) ... when considered from the aspect of applicable local law, will frequently be sufficient unto itself for the avoidance or elimination of invalid or secret liens, transfers or other claims." 4 Collier on Bankruptcy ¶ 544.01, 15th Ed. (November, 1990). In this case, the Trustee's status as a judicial lien creditor pursuant to Section 544(a)(1) is a sufficient basis to void the Sandler mortgage. Under Ohio law, the mortgage is invalid and not entitled to record and is not binding as to the trustee in his capacity as a hypothetical judicial lien creditor. *Logan v. Kingston National Bank*, 105 B.R. 420 (Bankr.S.D.Ohio 1989), *In re Hofacker*, 34 B.R. 604 (Bankr. S.D.Ohio 1983).

### CONCLUSION

The Sandler mortgage is voidable pursuant to Section 544(a)(1) of the United States Bankruptcy Code and is, therefore, voided.