**In re Robert L. CALDWELL and Elaine M. Caldwell, Debtors.**

**William B. Logan, Jr., Trustee, Plaintiff,**

**v.**

**U.C. Lending, Inc., Defendant.**

**Bankruptcy No. 99–51038.**
**Adversary No. 99–103.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Nov. 22, 2000.

Kenneth M. Richards, Luper Sheriff & Neidenthal, Columbus, OH, for plaintiff.

David A. Freeburg, Cleveland, OH, for defendant.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

### *ORDER GRANTING IN PART AND DE-NYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDG-MENT*

CHARLES M. CALDWELL, Bankruptcy Judge.

This adversary proceeding is before the Court on the motion for summary judgment filed by the Plaintiff, case trustee William B. Logan, Jr. ("Plaintiff"). The Defendant, U.C. Lending, Inc. ("Defendant"), has opposed the motion. For the reasons that follow, the Court finds that, as a matter of law, the mortgage executed by the Debtors on November 20, 1997, was not witnessed in accordance with O.R.C. § 5301.01. Further, the Court finds O.R.C. § 5301.234 does not apply to mortgages executed and recorded prior to the effective date of this statute, June 30, 1999, and therefore, it offers no cure for the facially defective mortgage at issue. Finally, the Court finds that a genuine issue of material fact exists with respect to whether the Defendant was "without knowledge" of the potential voidability of its mortgage, and as a result, whether the Defendant may avail itself of the protection afforded by section 550(b)(1) of the Bankruptcy Code.

On November 20, 1997, the Debtors, Robert and Elaine Caldwell, executed a mortgage in favor of America's Wholesale Lender. Subsequently, on a date not disclosed to the Court, the mortgage was assigned to the Defendant. On February 10, 1999, the Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code. On May 6, 1999, the Plaintiff commenced this adversary proceeding. The Plaintiff seeks avoidance of the Defendant's mortgage on two grounds, only one of which is the subject of the instant motion for summary judgment. First, the Plaintiff seeks to have the mortgage avoided under section 544(a) of the Bankruptcy Code, although he has not specified the subsection under which he proceeds. In his second count, the Plaintiff seeks to avoid the mortgage under section 547 of the Bankruptcy Code. The Plaintiff seeks summary judgment only with respect to his effort to avoid the mortgage under section 544(a).

The mortgage in question was executed by the Debtors in the presence of a witness and a notary public. The witness, James W. Cesear, appropriately signed the mortgage, and his signature was appropriately witnessed by Patricia S. Carr, in her capacity as notary public. The Plaintiff contends that the Ohio Revised Code, specifically section 5301.01, requires any mortgage to be witnessed by two individuals, each of whom must sign his or her name in that capacity. The Plaintiff further contends that because Mr. Cesear appears to have been the only person to sign the mortgage in the capacity of witness, the mortgage is invalid and can be avoided pursuant to section 544 of the Bankruptcy Code.

The Defendant argues that Ms. Carr was intended to serve not only in the capacity of notary public, but also as a witness, and notwithstanding the undisputed fact she did not execute the mortgage in the capacity of a witness, the mortgage should be found valid. The Defendant also argues that, even if the mortgage is found invalid, it should be protected by section 550(b)(1) of the Bankruptcy Code, which prohibits a case trustee (or debtor-in-pos-

session) from recovering a transfer of property of the bankruptcy estate or the value of transferred property of the estate where the transferee accepted the transfer in good faith and without knowledge of the avoidability of the transfer. The Defendant asserts that it had no knowledge of the potential defects in the mortgage when it took the assignment. The Plaintiff counters by arguing that the defects in this mortgage were facially apparent, and the Defendant cannot claim to have taken the assignment without knowledge of the defects.

The Plaintiff's motion for summary judgment raises three issues. First, the Court must determine whether a mortgage, witnessed as this one was, comports with O.R.C. § 5301.01. The Court must then determine whether O.R.C. § 5301.234 affords any cure to the mortgage. Finally, the Court must determine whether the Defendant has met its burden of establishing that genuine issues of material fact exist with respect to whether it took the mortgage "without knowledge" of the alleged defects.

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7056.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The

burden on the moving party is discharged by a "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Summary judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of a genuine issue of material fact lies with the nonmoving party. *Id.* at 324, 106 S.Ct. 2548. The evidence must, however, be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The nonmoving party must do more than rest upon the allegations found in the pleadings. She must demonstrate that a genuine issue exists for trial through her own affidavits, or depositions, answers to interrogatories, and admissions on file. *Id.* If the nonmoving party, after adequate time for discovery, fails to establish an essential element of her case or defense, all other facts are rendered immaterial, entitling the moving party to a judgment as a matter of law. *Id.* at 322–23, 106 S.Ct. 2548.

The standard for summary judgment is identical to the standard for a directed verdict under Federal Rule of Civil Procedure 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the import of the evidence, granting summary judgment would be improper. *Id.* However, when a party has the burden of proof by a preponderance of the evidence, that party must present evidence upon which a jury could reasonably find in its favor. *Id.* at 253, 106 S.Ct. 2505. The mere existence of a scintilla of evidence in support of a proposition would be insufficient. *Id.* Therefore, there is no issue for trial unless there is sufficient probative evidence for a trier of fact to return a verdict for that party.

*First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

█ Ohio Revised Code section 5301.01 provides, in relevant part, as follows:

> A deed, mortgage ... must be signed by the grantor, mortgagor ... and such signing must be acknowledged by the grantor, mortgagor ... in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor ... before a ... notary public ... who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment.

This statute, by its plain language, clearly requires two witnesses to acknowledge and attest to the execution of a mortgage by the mortgagors. It is not disputed that only one person signed the mortgage in the capacity of a witness to its execution. While the Defendant urges this Court to find that Ms. Carr served in the capacity of both notary public and witness, where a witness has not signed the mortgage in that capacity, the mortgage must be held invalid. *In re Hofacker*, 34 B.R. 604, 606 (Bankr.S.D.Ohio 1983) (where notary public signs his or her name in the capacity of only notary public and not as a witness, that person cannot be regarded as a witness, and the mortgage cannot be found in compliance with O.R.C. § 5301.01); *White v. Denman*, 1 Ohio St. 110, 116 (1853) (holding that where the justice of the peace who served to acknowledge the witnessing and execution of the mortgage and who was also intended to serve as a witness but did not sign his name in that capacity, mortgage was fatally defective); *Helbling, Trustee v. Ducksworth (In re Ducksworth)*, 1999 WL 970273, *1 (Bankr. N.D.Ohio September 10, 1999) (recognizing that where it is proven that only one person witnessed a mortgage, then the mortgage was not properly executed and it was not entitled to be recorded).

█ The Defendant argues, however, that O.R.C. § 5301.234 can be applied retroactively to render the mortgage in question valid. Section 5301.234 provides, in relevant part:

> (A) Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:
>
> (1) The mortgagor, under oath, denies signing the mortgage.
>
> (2) The mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.
>
> (B) Evidence of an actual or alleged defect in the witnessing or acknowledgment on the mortgage is not evidence of fraud upon the mortgagor and does not rebut the presumption that a recorded mortgage is properly executed.

The effective date of O.R.C. § 5301.234 was June 30, 1999. This Court has previously held that section 5301.234 may not be applied retroactively to afford an irrebutable presumption of validity to mortgages executed or recorded prior to June 30, 1999. *Logan, Trustee v. Greentree Mortgage (In re Elkins)*, Ch. 7 Case No. 99–59543, Adv. No. 00–0213 (Bankr. S.D.Ohio November 7, 2000) (order denying defendant's motion to dismiss). In this order, the Court not only stands on its ruling in the *Elkins* adversary proceeding, but adopts in support of its holding the rationale set forth in *Ducksworth, supra,* 1999 WL 970273 at *3–4. In *Ducksworth,* the court found that section 5301.234 is to apply prospectively only, as there has been no express statement by the legislature indicating it should be afforded retroactive application. *See also, Helbling, Trustee v. Williams, et al. (In re Williams)*, 240 B.R. 884, 885–86 (Bankr.N.D.Ohio 1999) (recognizing that "every opinion in which [O.R.C. § 5301.234] has been considered" has found that statute should be applied prospectively only) (citations omitted); *Eisen, Trustee v. Allied Bancshares Mortgage Corp. LLC, et al. (In re Priest)*, 2000 WL 821379, *1 (Bankr.N.D.Ohio May 25, 2000) (granting

plaintiff's motion for summary judgment as to issue of effective date of O.R.C. § 5301.234 and finding that statute should be applied prospectively); *and Simon, Trustee v. Chase Manhattan Bank* (*In re Zaptocky*), 232 B.R. 76, 82 n. 2 (6th Cir. BAP 1999) (finding O.R.C. § 5301.234 not applicable to issue of validity of mortgage executed prior to June 30, 1999 and recognizing that, absent a clear indication from the legislature that a statute should be applied retroactively, a statute should be applied only prospectively). Accordingly, O.R.C. § 5301.234 affords no cure to the improperly witnessed mortgage at issue here.

■ Finally, the Court must determine whether the Defendant has proven that no genuine issues of material fact exist as to whether it took the assignment of the mortgage "without knowledge" of its potential voidability. If so, the Defendant could prevail on the defense it raises pursuant to section 550(b)(1) of the Bankruptcy Code, which provides, in pertinent part:

(b) The trustee may not recover [a transfer of property of the bankruptcy estate or the value of the transferred property] under section (a)(2) of this section from—

(1) a transferee that takes for value . . . in good faith, and without knowledge of the voidability of the transfer avoided . . . .

The Defendant asserts that it accepted the assignment of the mortgage in question without knowledge of the defects in the manner in which it was witnessed. The Plaintiff counters by arguing that given the defects were evident on the face of the document itself, the Defendant can find no refuge in section 550(b)(1).

Other than a copy of the executed mortgage itself, the Court has received no evidence as to what the Defendant knew, or more importantly did not know, about the defects in the witnessing of the mortgage when it accepted the assignment of it. While this Court surely cannot countenance a policy of willfully refusing to review mortgages for the purpose of avoid-ing the acquisition of knowledge of such defects, it simply does not have enough information as to the facts of which the Defendant was aware at the time it accepted the assignment of the mortgage to rule on this issue. The Court finds, therefore, that genuine issues of material fact remain with respect to whether the Defendant accepted the assignment of this mortgage "without knowledge" of its potential voidability.

Accordingly, the Plaintiff's motion for summary judgment is **GRANTED** to the extent it seeks a determination that the mortgage in question was not executed in accordance with O.R.C. § 5301.01, and further, to the extent it seeks a declaration that O.R.C. § 5301.234 should not be applied retroactively to cure the defective witnessing of this mortgage. The Plaintiff's motion for summary judgment is **OVERRULED** as to the issue of whether the Defendant accepted the assignment of this mortgage "without knowledge" of its potential avoidability. This adversary proceeding will proceed to trial as scheduled on this and any other remaining issues.

**IT IS SO ORDERED.**