## COSHOCTON NAT. BANK v HAGANS et

Ohio Appeals, 5th Dist, Coshocton Co

No. 38.   Decided June 3, 1931

Pomerene & Pomerene, of Coshocton, for Coshocton Nat. Bank.

Wheeler & Ely, Coshocton, for Hagans et.

ROSS, PJ, and HAMILTON and CUSHING, JJ, (1st Dist) sitting.

RCSS, PJ.

In November, 1926, upon demand of the Bank, $100 was paid upon the Bank's mortgage, and in May, 1927, in compliance with the demands of the officers of the Bank, $400 more was paid upon the principal and a new note and mortgage executed by the mortgagors for $2500.  It is perfectly manifest from all the evidence that this was a renewal of the unpaid balance of the original loan and was so understood by all parties concerned.  A rigorous effort was made by Willard Hagans to invalidate this last mortgage.  The mortgage on its face was apparently duly executed and recorded. It therefore carries with it a presumption of validity and in order to destroy its effect as a mortgage must be shown to be defective by the contesters and by a preponderance of the evidence.

The notary and witnesses testified that they had no independent knowledge or recollection of the incidents surrounding its signing and acknowledgment but they all testified that they never affixed their signatures to any instrument as witnesses or as notary unless the parties were present and signed in their presence.  This is all that could reasonably be expected under the circumstances and a positive statement of an inflexible rule always adhered to by a notary or witness must carry great weight in the consideration of their evidence. The notary was not connected in any way with the Bank when she testified, having removed to another city.

Something is also made of the fact that the signature appears to have been written with different ink.  Even if this evidence be given full effect, we do not think it in any way conclusive that the signatures were not duly witnessed, or that the instrument was not legally acknowledged.

The mortgagors in a filing in the Common Pleas Court styled "Appearance and Consent to Sell," stated over their signatures:

"Now come the defendants, Rollie R. Hagans and Mary J. Hagans and enter their appearance herein.  Said defendants admit the execution of the notes and mortgages described in plaintiff's petition and consent that the lands described therein be immediately sold upon foreclosure proceedings, as prayed for in plaintiff's petition, and that the proceeds from such sale be paid into court, pending the determination of the issues set forth in plaintiff's petition."

This admission must be considered with the other evidence in support of the valid execution of the mortgage and it is our conclusion that the mortgage of May 31, 1927 was a valid mortgage properly executed.

It is unnecessary in our view of this case to pass upon many questions presented by counsel in argument and brief.

The mortgage to Willard Hagans, being defective, is ineffeitive as against the lien of the Bank evidenced by a valid mortgage

upon the premises, although his mortgage is valid as against the mortgagors.

"A mortgage with but one attesting witness beside the mortgagee, or the acknowledgment of which was taken by him as a notary public, is not entitled to record, nor valid, though admitted to record, as against a subsequent properly executed and recorded mortgage." Amick v Woodworth, et al. supra, syllabus, paragraph 2.

While the matter is presented to the court de novo, in all fairness to the trial court, it is proper to say that the defect in the Hagans' mortgage was not discovered by counsel until after the decision in the Court of Common Pleas.

It is our conclusion that the mortgage executed by Rollie R. Hagans and Mary J. Hagans on the 31st of May, 1927 is a valid lien upon the premises and entitled to priority over the mortgage of Willard Hagans.

A decree may be presented accordingly.

HAMILTON & CUSHING, JJ, concur.