**In re Bernard L. ZAPTOCKY, and Gloria J. Zaptocky, Debtors.**

**David O. Simon, Chapter 7 Trustee, Plaintiff–Appellee,**

**v.**

**Chase Manhattan Bank, Defendant–Appellant.**

**BAP No. 98–8091.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted March 30, 1999.

Decided and Filed April 16, 1999.

Amelia A. Bower, Cleveland, Ohio, on brief, for Appellant.

Stephen D. Hobt, Cleveland, Ohio, on brief, for Appellee.

Before: BROWN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

Appellant Chase Manhattan Bank appeals the bankruptcy court's determination that its mortgage on the home of the joint Chapter 7 Debtors, Bernard L. and Gloria J. Zaptocky, is avoidable by the Chapter 7 Trustee pursuant to 11 U.S.C. § 544(a) because the execution of the mortgage was not properly witnessed in accordance with Ohio law. We **AFFIRM**.

## I. ISSUES ON APPEAL

This appeal presents two issues: (1) whether the bankruptcy court's finding of fact that one of the attesting witnesses was not present during the Debtors' execution of the mortgage is clearly erroneous; and (2) whether the bankruptcy court erred in determining the Chapter 7 Trustee could avoid the mortgage pursuant to 11 U.S.C. § 544(a) as a result of the improper execution of the mortgage under Ohio law.

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Panel has jurisdiction over final orders of the bankruptcy courts of the Northern District of Ohio pursuant to 28 U.S.C. § 158(a)(1) and (c). The bankruptcy court's order avoiding Chase Manhattan's mortgage pursuant to § 544(a) is a final appealable order as it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (6th Cir. BAP 1998) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted)).

■ The bankruptcy court's finding that the mortgage was not properly witnessed in accordance with Ohio law constitutes a finding of fact. Findings of fact are reviewed under the clearly erroneous standard. Fed.R.Bankr.P. 7052; *Sicherman v. Diamoncut, Inc. (In re Sol Bergman Estate Jewelers, Inc.)*, 225 B.R. 896, 899 (6th Cir. BAP 1998). The bankruptcy court's determination that the Trustee was entitled to avoid Chase Manhattan's mortgage pursuant to § 544(a) is a conclusion of law. *See, e.g., A.O. Smith Water Products Co. v. Varner (In re Varner)*, 219 B.R. 867, 869 (9th Cir. BAP 1998). The bankruptcy court's conclusions of law are subject to the de novo standard of review, under which the Panel determines the issue independently of the bankruptcy court's determination. *Palmer v. IRS (In*

*re Palmer)*, 228 B.R. 880, 881–882 (6th Cir. BAP 1999) (citations omitted).

## III. FACTS

On February 7, 1997, the joint Chapter 7 Debtors, Bernard L. and Gloria J. Zaptocky, refinanced their home and executed a mortgage in favor of Chase Manhattan Bank to secure a home equity loan. The mortgage was filed with the Recorder for Cuyahoga County, Ohio on February 12, 1997. The Chase Manhattan loan paid off the Debtors' existing mortgage in favor of Nations Bank, and the Nations Bank mortgage was released of record upon the filing of the Chase Manhattan mortgage.

The Chase Manhattan mortgage was executed in the Debtors' home, where the Debtors met with Gary Williams to close the home equity loan. Mr. Williams was employed by a title agency and testified it was the policy of the agency to require that, in accordance with Ohio law, two witnesses be present at every closing and execution of a mortgage. The mortgage bears the signatures of Mr. Williams and Taylor Lloyd as witnesses and was notarized by Mr. Williams.

However, neither the Debtors nor Mr. Williams can identify Taylor Lloyd, and the bankruptcy court determined at trial that Taylor Lloyd was not present in the Debtors' home when the mortgage was executed. Because the mortgage was not properly witnessed in accordance with Ohio law, the bankruptcy court held the Chapter 7 Trustee could avoid the mortgage pursuant to the Trustee's strong arm powers under 11 U.S.C. § 544(a). The court further determined that Chase Manhattan's interest under the defectively executed mortgage could not be equitably subrogated to the Nations Bank mortgage, which had been satisfied with proceeds from Chase Manhattan's home equity loan to the Debtors. Chase Manhattan timely appealed.

## IV. DISCUSSION

Section 544(a) of the Bankruptcy Code grants a trustee extraordinary "strong arm" powers to avoid certain transfers and obligations of a debtor:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (West 1998).

█ Applicable state law determines the extent of the Trustee's rights pursuant to § 544(a). *Owen–Ames–Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993) ("State law governs who may be a bona fide purchaser."). Accordingly, the Trustee can prevail only if, under Ohio law, a person with the status described in § 544(a)(1), (2), or (3) as of

the commencement of the case could avoid Chase Manhattan's interest in the Debtors' property under the mortgage.

## A. Attestation of Two Witnesses

■ "A ... mortgage ... shall be signed by the ... mortgagor[s].... The signing shall be acknowledged by the ... mortgagor[s] ... *in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation.*" Ohio Rev.Code Ann. § 5301.01 (Anderson 1998) (emphasis ours). Section 5301.01 continues: "The signing shall be acknowledged by the ... mortgagor[s] ... before a ... notary public ... who shall certify the acknowledgment and subscribe his name to the certificate of the acknowledgment." *Id.* "The acknowledgment required by [§ 5301.01] is for the purpose of affording proof of the due execution of the [instrument] by the grantor, sufficient to authorize the register of deeds to record it." *Basil v. Vincello,* 50 Ohio St.3d 185, 553 N.E.2d 602, 606 (1990).

■ Although the mortgage at issue bears the signatures of two witnesses, the parties disagree as to whether one of the witnesses, Taylor Lloyd, actually was present in the Debtors' home during the execution of the mortgage. The Trustee presented the testimony of Mrs. and Mr. Zaptocky that Taylor Lloyd was not a person known to them and that no such person was present in their home at the time they executed the mortgage in favor of Chase Manhattan. Mr. Williams also testified that he did not know any person by the name of Taylor Lloyd, that he could not recall if any such person was present at the loan closing, and that he had no independent recollection of this particular closing.

Chase Manhattan relied on the document itself, emphasizing that the mortgage bears the signatures of two witnesses and that a presumption exists in favor of the validity of a document which on its face appears to have been properly executed. Chase Manhattan also directed the court's

attention to Mr. Williams's testimony that it was company policy to require the presence of two witnesses at every loan closing and that he would not have closed the loan and permitted the Debtors to execute the mortgage unless two witnesses were present. Chase Manhattan sought to impeach the Debtors' testimony that no person known as Taylor Lloyd was present when they executed the mortgage by pointing out that neither Debtor could recall Mr. Williams either, although all parties agree that he was present and conducted the loan closing.

Relying on *Paramount Fin. Co. v. Berk,* 179 N.E.2d 788 (Ohio 1962) and *Williamson v. Carskadden,* 36 Ohio St. 664 (1881) respectively, Chase Manhattan advances on appeal the related propositions that the testimony of the Debtors is, as a matter of law, insufficient to overcome Mr. Williams's acknowledgment as a notary, and that Mr. Williams's notarial acknowledgment is in and of itself conclusive evidence of all facts stated therein in the absence of fraud or forgery. While these principles find support in Ohio law, they are inapplicable to the issue before the Panel. Section 5301.01 requires only that the Debtors' signing of the mortgage be acknowledged by a notary or other official. Ohio Rev.Code. Ann. § 5301.01. The witnesses' attestations are not required to be so acknowledged. *Id.* In accordance with § 5301.01, Mr. Williams's notarial acknowledgment on the mortgage at issue merely certifies that the Debtors personally appeared before him and "executed the foregoing instrument and acknowledged that they did examine and read the same and did sign the foregoing instrument, and that the same is their free act and deed." However, the Trustee does not dispute the authenticity of the Debtors' signatures. The Trustee argues, and the bankruptcy court found, that Taylor Lloyd did not witness the Debtors' execution of the mortgage.

■ " 'A finding of fact is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.' " *Sicherman v. Diamoncut, Inc. (In re Sol Bergman Estate Jewelers, Inc.)*, 225 B.R. 896, 899 (6th Cir. BAP 1998) (quoting *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir.1996)). As the Panel observed in *Sol Bergman:*

> The record before the bankruptcy court contains evidence in support of either position. However, the bankruptcy court determined that the testimony and exhibits offered by the Trustee were more credible than the testimony and exhibits offered by [the creditor].

> The clearly erroneous standard requires this court to give deference to the finder of fact. As the Supreme Court explained:

>> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

>> Such deference to the trial court is necessary because the trial judge is in the best position to determine credibility of witnesses.

*Sol Bergman*, 225 B.R. at 904 (quoting *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1165–66 (6th Cir.), *amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996)).

The bankruptcy court noted that while the Debtors and Mr. Williams all gave credible testimony, "the Debtors' credibility was more persuasive on the issue of who was present at the Debtors' home for the closing signatures...." *Simpson v. Zaptocky (In re Zaptocky )*, 231 B.R. 260, 264 (Bankr.N.D.Ohio 1998). The court essentially determined that the Debtors' affirmative testimony that no person by the name of Taylor Lloyd was present in their home at the time the mortgage was executed overcame any presumption of validity of the document and Mr. Williams's testimony that he would not have witnessed and notarized the mortgage unless there had been a second witness present. The bankruptcy court's " 'account of the evidence is plausible in light of the record viewed in its entirety,' " and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Sol Bergman*, 225 B.R. at 904. Accordingly, the bankruptcy court's determination that Taylor Lloyd was not present at the execution of the mortgage is not clearly erroneous.

## B. Effect of Improper Execution

■ The effect of improperly executing a mortgage is governed by Ohio Revised Code § 5301.25(A), which provides:

> All ... *instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments* ... shall be recorded in the office of the county recorder of the county in which the premises are situated, *and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument.*

OHIO REV.CODE ANN. § 5301.25(A) (Anderson 1998) (emphasis ours).

■ By providing that only properly executed instruments may be recorded and that an unrecorded instrument is fraudulent as to any subsequent bona fide purchaser taking without notice, the statute protects subsequent purchasers from improperly executed instruments and properly executed but unrecorded instruments alike. "Under the provisions of Section

5301.25, Revised Code, a defectively executed mortgage, although recorded, does not establish a lien with priority over a properly executed mortgage which is recorded subsequently; and the defective execution may be provided by evidence of defects which are not apparent on the face of the instrument." *Citizens Nat'l Bank v. Denison,* 165 Ohio St. 89, 133 N.E.2d 329 (1956), paragraph one of the syllabus.[1] Accordingly, a mortgage which is not properly witnessed in accordance with § 5301.01 is not entitled to be recorded pursuant to § 5301.25(A) and, even if recorded, does not prevail against a subsequent bonafide purchaser who takes without notice of the prior encumbrance. *Id.; Amick v. Woodworth,* 58 Ohio St. 86, 50 N.E. 437 (1898), paragraph two of the syllabus ("A mortgage with but one attesting witness . . . is not entitled to record, nor valid, though admitted to record, as against a subsequent properly executed and recorded mortgage."). *See also Basil v. Vincello,* 50 Ohio St.3d 185, 553 N.E.2d 602, 606 (1990) (stating "[t]he acknowledg-

ment required by [§ 5301.01] is for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it," and holding that a quitclaim deed signed by the grantors out of the presence of the attesting witnesses failed to pass legal title); *Coshocton Nat'l Bank v. Hagans,* 40 Ohio App. 190, 178 N.E. 330 (1931) (holding an improperly witnessed mortgage invalid as against a subsequently recorded valid mortgage); *Parker Fin. v. Matthews,* No. 97CA652, 1999 WL 74686, *4 (Ohio App.1999) ("A failure to comply with these statutory prerequisites [of § 5301.01] renders a mortgage invalid insofar as any subsequent lienholder in the premises.").[2]

 However, Chase Manhattan is not left without recourse under the improperly executed mortgage. Although it cannot take priority over the interest of a subsequent mortgage properly executed according to § 5301.01 and recorded pursuant to § 5301.25(A), a defectively executed mortgage is nonetheless effective be-

---

**1.** *See Ohio v. Robinette,* 519 U.S. 33, 37, 117 S.Ct. 417, 420, 136 L.Ed.2d 347 (1996) ("[U]nder Ohio law, 'the Supreme Court [of Ohio] speaks as a court only through the syllabi of its cases.' "); *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 751, 115 S.Ct. 1745, 1748, 131 L.Ed.2d 820 (1995) (stating the Supreme Court of Ohio's syllabus "sets forth the authoritative basis for its decision").

**2.** A legislative reversal of applicable Ohio precedent was enacted on March 31, 1999 by Ohio's 123rd General Assembly as follows: Sec. 5301.234.

(A) Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:

(1) The mortgagor, under oath, denies signing the mortgage.

(2) The mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.

(B) Evidence of an actual or alleged defect in the witnessing or acknowledgment on the mortgage is not evidence of fraud upon the mortgagor and does not rebut the presumption that a recorded mortgage is properly executed.

(C) The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any other subsequent holder of an interest in the property. An actual or alleged defect in the witnessing or acknowledgment on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

1999 Ohio H.B. 163.

However, this newly-enacted statute is not dispositive of the issue on appeal because the General Assembly did not specifically provide for the statute to be applied retroactively. "A statute is presumed to be prospective in its operation unless expressly made retrospective." OHIO REV.CODE ANN. § 1.48 (Anderson 1998). *See also State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570, 576 (1998) ("Statutes are presumed to apply only prospectively unless specifically made retroactive."); *Kiser v. Coleman,* 28 Ohio St.3d 259, 503 N.E.2d 753, 756 (1986) ("If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.").

tween the parties in the absence of fraud. *Basil,* 553 N.E.2d at 606; *Denison,* 133 N.E.2d at 332; *Amick,* 58 Ohio St. 86, 50 N.E. 437, paragraph three of the syllabus (holding that one who satisfies a prior encumbrance gains an equitable interest in the property). "The reasoning behind such a rule is to bind the parties to that which they intended. The purpose of [§ 5301.01] is to provide evidence of execution and authority for recordation. It is not to provide a way of escape for a party who later wishes to renege on his agreement." *Seabrooke v. Garcia,* 7 Ohio App.3d 167, 454 N.E.2d 961, 964 (1982). *See also In re Downs,* 205 B.R. 93, 96 (Bankr.N.D.Ohio 1996) (applying *Seabrooke* to find a defectively witnessed deed valid between the parties). Where a grantee has given consideration but legal title was not conveyed because of defects in execution, the grantee obtains an equitable interest in the real property. *Basil,* 553 N.E.2d at 606. Accordingly, Chase Manhattan holds an equitable interest in the Debtors' real property under the defectively executed mortgage.

## C. Chapter 7 Trustee's Avoidance Powers Pursuant to 11 U.S.C. § 544(a)

■ The bankruptcy court determined the Trustee was entitled to avoid Chase Manhattan's interest in the Debtor's property pursuant to § 544, which grants the Trustee the rights of a judicial lien creditor. The bankruptcy court reached the correct result under § 544(a). The Panel will affirm a decision of the bankruptcy court if it is correct for any reason, even if the correct reason was not relied upon by the bankruptcy court. *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 200 (6th Cir. BAP 1998) (citations omitted). *See also Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1271 (6th Cir.1998) (affirming for different reasons than those relied upon by the district court). The bankruptcy court referenced § 544(a)(1); however, the more appropriate section is § 544(a)(3). The Trustee's rights pursuant to § 544(a)(1) are not supported by *Basil v. Vincello,* in which the Supreme Court of Ohio held that judicial lien creditors cannot be considered bona fide purchasers for value and thus are not afforded the protection of § 5301.25(A) against defectively executed conveyances. *Basil,* 553 N.E.2d at 607. The Trustee's rights pursuant to § 544, however, include § 544(a)(3), which provides:

> (a) The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee* ... the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by—
>
> ....
>
> (3) *a bona fide purchaser of real property* ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser *and has perfected such transfer at the time of the commencement of the case,* whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3) (West 1998) (emphasis ours).

Under § 544(a)(3), the Trustee's interest in the Debtors' property is that of a bona fide purchaser of the property who purchased the property without notice of any prior encumbrance and recorded his interest on the date the Debtors' petition was filed. *See Owen–Ames–Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.),* 997 F.2d 1158, 1159 (6th Cir.1993). As discussed above, § 5301.25(A) and Ohio precedent provide that Chase Manhattan's defectively executed mortgage is ineffective against "a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former ... instrument." OHIO REV.CODE ANN. § 5301.25(A); *Terlecky v. American Community Bank (In re Godwin),* 217 B.R. 540, 542 (Bankr. S.D.Ohio 1997) ("11 U.S.C. § 544(a)(3) allows a chapter 7 trustee to avoid any interest in the property of the debtor that

84

would be defeated by a bona fide purchaser for value of real property under Ohio law."). *See also Bash v. Check (In re Check)*, 129 B.R. 492, 493 (Bankr. N.D.Ohio 1991) (permitting the trustee to avoid an improperly acknowledged mortgage); *In re Hofacker*, 34 B.R. 604 (Bankr. S.D.Ohio 1983) (same as to an improperly witnessed mortgage).

▮ Chase Manhattan seeks to avoid this result by arguing that its interest in the Debtors' property should be equitably subrogated to the interest of the former first mortgage holder, Nations Bank, whose mortgage was paid with proceeds from Chase Manhattan's home equity loan to the Debtors. The doctrine of equitable subrogation in this context was explained by the Supreme Court of Ohio as follows:

> [T]he mortgagee has a right to be subrogated to the lien which was paid by the money so by him loaned, when it can be done without placing greater burdens upon the intervening lienholders than they would have borne if the old mortgage had not been released, *but not as against a bona fide lienholder who acquired his lien after the release of the old mortgage, without notice of such agreement and payment.*

*Straman v. Rechtine*, 58 Ohio St. 443, 51 N.E. 44 (1898), paragraph one of the syllabus (emphasis ours). *See also Union Trust Co. v. Lessovitz*, 51 Ohio App. 69, 199 N.E. 614 (1931) (applying *Straman*). The *Amick v. Woodworth* court also excluded subsequent bona fide purchasers from the reach of equitable subrogation:

> As a general rule, one having an interest in or lien on property, who pays off for his protection a prior incumbrance upon it, is entitled in equity to be subrogated to all the rights of the prior incumbrancer, and to enforce the security for his reimbursement out of the incumbered estate. *This equitable right, however, will not prevail against intervening bona fide purchasers without notice, or those occupying a like position*, nor

does it belong to a mere stranger or volunteer who pays the incumbrance.

*Amick*, 58 Ohio St. 86, 50 N.E. 437, paragraph three of the syllabus (emphasis ours). *See also Wayne Bldg. & Loan Co. of Wooster v. Yarborough*, 11 Ohio St.2d 195, 228 N.E.2d 841, 846 (1967) ("It is an elementary rule of property that an equitable estate in lands continues until cut off by the rights of a bona fide purchaser, absent the influence of a statute, such as a recording act."); *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243 (1942), paragraph three of the syllabus ("In the absence of statute a purchaser of real estate who acquires the legal title in good faith for a valuable consideration without notice of an existing equity takes the property free from such equity.").

As discussed above, § 544(a)(3) cloaks the Trustee with the status of a bona fide purchaser without notice who has recorded his interest as of the commencement of the case. Accordingly, the Trustee prevails over Chase Manhattan's equitable interest in the Debtors' property, and Chase Manhattan is not entitled to be equitably subrogated to the former interests of Nations Bank.

## V. CONCLUSION

The bankruptcy court's order allowing the Chapter 7 Trustee to avoid the mortgage of Chase Manhattan Bank is **AFFIRMED**.