In re Stephen STEWART, Jean Stewart, Debtors.

William B. Logan, Jr., Trustee, Plaintiff,

v.

Citifinancial, Inc. fka City Loan Financial Services, Inc., Defendant.

Bankruptcy No. 00–53168.
Adversary No. 00–0202.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Dec. 4, 2000.

James E. Nobile, Weltman, Weinberg & Reis Co., LPA, Columbus, OH, for Defendant.

Kenneth M. Richards, Luper, Sheriff & Neidenthal, LPA, Columbus, OH, for Plaintiff/Trustee.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of defendant Citifinancial, Inc. to dismiss the trustee's complaint for failure to state a claim upon which relief may be granted. The trustee filed a memorandum contra to which Citifinancial replied.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F), (H), and (K).

Motions to dismiss for failure to state a claim are not favored, and will be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining the motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations in the complaint as true. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993).

The trustee's complaint to avoid Citifinancial's mortgage has two bases. First, he asserts his strong-arm powers under § 544(a) as a bona fide purchaser of real property. Second, he attacks the mortgage as a preference under § 547. Both

claims for relief are predicated on the fact that the mortgage was not properly executed and was, therefore, not entitled to record.

Citifinancial moves to dismiss on the basis of newly-enacted Ohio Rev.Code § 5301.234. This statute, which became effective on June 30, 1999, creates an irrebuttable presumption that a mortgage is properly executed notwithstanding any defects in the witnessing or acknowledging of the instrument unless the mortgagor denies signing the mortgage under oath, or the mortgagor is unavailable, but there is other sworn evidence of fraud. The mortgagors are in this case the debtors. They are available and do not deny they signed the mortgage.

The parties' arguments focus exclusively on the application of § 5301.234 to the mortgage in this case. The trustee argues that because the mortgage was executed before June 30, 1999, the statute is inapplicable. Much of the trustee's analysis deals with whether the legislature intended for the statute to apply retroactively. Citifinancial believes the non-retroactivity argument to be a red herring in this case since the language of the statute refers to "any" mortgage, and the statute became effective prior to the debtors' bankruptcy filing.

The trustee cites numerous cases in support of his position. In one of these cases, *Helbling v. Ducksworth (In re Ducksworth)*, the court opined that because the mortgage was recorded prior to the statute's effective date, the statute did not apply. 1999 WL 970273 at *4 (Bankr. N.D.Ohio 1999). Citifinancial disputes this so-called holding as mere dicta since the *Ducksworth* bankruptcy case was filed prior to the effective date.

Citifinancial, instead, relies on the oral decision of Judge Snow in *Rabin v. Bank United (In re Toth)*, case no. 99–16651, a transcript of which was attached to its answer. Judge Snow reasoned that the statute charges any purchaser of real estate, including a trustee under § 544, with notice of a mortgage, even if the mortgage was not properly witnessed or acknowledged. Thus, given the trustee's knowledge, Ohio Rev.Code § 5301.25(A) would not render the mortgage in this case fraudulent. *Cf. Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 81–84 (6th Cir. BAP 1999) (defectively executed mortgage in case arising prior to enactment of § 5301.234 ineffective against subsequent bona fide purchaser having no knowledge of the mortgage).

■ This Court agrees with Judge Snow's analysis. After the new statute's effective date of June 30, 1999, any recorded mortgage, whether defective or not, would serve as constructive notice to any bona fide purchaser whose interest arose after that date. Therefore, the bona fide purchaser's interest would not be superior to that of the mortgagee. *See* Ohio Rev. Code Ann. § 5301.25(A) (Anderson 1999).

■ In this adversary proceeding, the bona fide purchaser status granted to the trustee in bankruptcy arises and must be evaluated as of April 12, 2000, the date of the debtors' bankruptcy filing. At that time, the mortgage was of record and Ohio Rev.Code § 5301.234 was in effect. Since the recorded mortgage, defective or not, served as constructive notice, the trustee, as a bona fide purchaser, could not have obtained an interest superior to that held by the mortgagee under § 5301.234.

Contrary to the trustee's argument, the prospective nature of the statute applies to the creation of the irrebuttable presumption, and not to the date the mortgage was recorded. A bona fide purchaser could have taken an interest superior to that of Citifinancial between April 13, 1998 (the date the allegedly defective mortgage was recorded) and June 30, 1999 (the effective date of § 5301.234) because the statute is not retroactive. Had the debtors filed their petition on June 29, 1999, the trustee, as a bona fide purchaser under 11 U.S.C. § 544(a)(3), would have taken an interest free of notice of a defectively-executed re-

corded mortgage. After June 30, 1999, that would no longer be the case in Ohio.

If the Ohio statute dealt with the relationship between the mortgagors and the mortgagee, the trustee's position would be correct and the prospective nature of the statute would affect only mortgages executed on or after the effective date of the statute. The relationship with which the statute deals, however, is between the holder of a recorded mortgage and a subsequent bona fide purchaser. The prospective nature of the statute affects, therefore, the relationship of the mortgage holder and any entity acquiring the status of a bona fide purchaser arising on or after June 30, 1999. The statute would not, however, transform the interest of a bona fide purchaser arising prior to its effective date into an inferior interest because the recording of a defective mortgage would not have been constructive notice prior to June 30, 1999.

■ Based on the foregoing, the Court concludes that the trustee cannot prove any set of facts which would entitle him to avoid Citifinancial's mortgage pursuant to his status as a bona fide purchaser under 11 U.S.C. § 544(a)(3). This interpretation of Ohio Rev.Code § 5301.234 also means that the mortgage was perfected pursuant to 11 U.S.C. § 547(e) as to a bona fide purchaser on June 30, 1999. That finding removes the "transfer" from the reach of the preference statute also. Accordingly, Citifinancial's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**