In re RoseMary DELONG, Debtor.

William B. Logan, Jr.,
Trustee, Plaintiff,

v.

BankAmerica Housing Services,
Defendants.

Bankruptcy No. 00–58420.
Adversary No. 00–0528.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 27, 2001.

Waymon B. McLeskey, II, Maguire & Schneider, L.L.P., Columbus, OH, for GreenPoint Credit, LLC.

Kenneth M. Richards, Luper, Sheriff & Neidenthal, Columbus, OH, for plaintiff/trustee.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of defendant GreenPoint Credit, LLC, the successor in interest to BankAmerica Housing Services, for summary judgment. Plaintiff William B. Logan, Jr., the duly appointed chapter 7 trustee for this bankruptcy estate, opposed the motion.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and deter-

mine under 28 U.S.C. § 157(b)(2)(F) and (H).

Rule 56 of the Federal Rules of Civil Procedure is made applicable to the proceeding by Bankruptcy Rule 7056. It provides that upon a motion of either party, the Court shall grant summary judgment if the pleadings and other papers on file establish that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law.

The facts stated herein are not in dispute. Rosemary DeLong, the debtor, executed a mortgage in favor of BankAmerica Housing Services for certain real property located at Clark Lane, Frankfort, Ohio 45620. This mortgage was recorded on July 16, 1998, in the Office of the Ross County Recorder. The Ohio legislature subsequently enacted Ohio Rev.Code § 5301.234. This statute, which became effective on June 30, 1999, created an irrebuttable presumption that any recorded mortgage is properly executed regardless of any actual or alleged defect in the witnessing or acknowledgment of the instrument unless the mortgagor, under oath, denies signing the mortgage; or the mortgagee is not available, but there is other sworn evidence of fraud. Ohio Rev.Code § 5301.234(A). Neither of these conditions applies here.

The statute goes on to state:

The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any subsequent holder of an interest in the property. An actual or alleged defect in the witnessing or acknowledgment on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

Ohio Revised Code Ann. § 5301.234(C) (Anderson 2000 Supp.).

The plaintiff is seeking to avoid the mortgage as a *bona fide* purchaser using his strong-arm powers under 11 U.S.C. § 544(a). Alternatively, he attacks the mortgage as a preferential transfer under 11 U.S.C. § 547. Both of his claims are predicated on the allegation that the mortgage was not executed in conformity with Ohio law and was, therefore, not entitled to record. This contention will obtain only if Ohio Rev.Code § 5301.234 does not apply since the mortgage was recorded prior to the effective date of the statute.

■ In *Logan v. Citifinancial, Inc. (In re Stewart)*, this Court held that as of June 30, 1999, any recorded mortgage, whether defective or not, serves as constructive notice to any *bona fide* purchaser whose interest arose after that date. 256 B.R. 259, 261 (Bankr.S.D.Ohio 2000). The trustee's status as a *bona fide* purchaser arose in that case on April 12, 2000, the date of the debtor's bankruptcy filing. *Id.* Because the mortgage was of record and Ohio Rev.Code § 5301.238 was in effect on that date, the trustee's interest was not superior to that of the mortgagee. *Id.; see also* Ohio Rev.Code § 5301.25(A) (Anderson 1999).

■ This case presents the same situation posed by *Stewart.* The debtor filed her chapter 7 petition on September 19, 2000, which was after the effective date of Ohio Rev.Code § 5301.234. Therefore, the mortgage recorded in the Ross County Recorder's Office, whether defective or not in its witnessing or acknowledgment, served as constructive notice to the plaintiff on September 19, 2000. This constructive notice, in turn, prevents him from claiming an interest superior to that of the defendant. The Court's interpretation of Ohio Rev.Code § 5301.234 also means that the mortgage was perfected under 11 U.S.C. § 547(e) on June 30, 1999, as to any *bona fide* purchaser. *Stewart,* 256 B.R. at

262. Accordingly, the mortgage also falls outside the scope of the preference statute. *Id.*

Based on the foregoing, the Court determines that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment is, therefore, **GRANTED.**

**IT IS SO ORDERED.**