*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  05b0013n.06**

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re:  MICHAEL M. NOWAK and CHRISTINE S. NOWAK, | ) | |
| Debtors. | ) | |
| ——————————————— | ) | |
| LYDIA SPRAGIN, TRUSTEE, | ) | |
| Plaintiff - Appellee, | ) | |
| v. | ) | No. 03-8051 |
| NOWAK, *et al.*, | ) | |
| Defendants, | ) | |
| and | ) | |
| PCFS FINANCIAL SERVICES (PROVIDENT BANK), | ) | |
| Defendant - Appellant. | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Northen Division, at Akron.
No. 01-50913.

Argued: August 3, 2005

Decided and Filed:  September 16, 2005

Before: AUG, LATTA, and PARSONS, Bankruptcy Appellate Panel Judges.

———————————

## COUNSEL

**ARGUED:**  David A. Freeburg, McFADDEN & ASSOCIATES, Cleveland, Ohio, for Appellant. Michael J. Moran, Sr., WEICK, GIBSON & LOWRY, Cuyahoga Falls, Ohio, for Appellee.  **ON BRIEF:**  David A. Freeburg, McFADDEN & ASSOCIATES, Cleveland, Ohio, for Appellant. Michael J. Moran, Sr., WEICK, GIBSON & LOWRY, Cuyahoga Falls, Ohio, for Appellee.

OPINION

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Provident Bank appeals from the bankruptcy court's judgment in favor of the Chapter 7 Trustee avoiding a mortgage lien and preserving it for the benefit of the bankruptcy estate on the basis that the mortgage was not executed by two witnesses as required by Ohio law. For the reasons below, we **AFFIRM**.

## I.   ISSUES ON APPEAL

There are two issues raised in this appeal: (1) whether the bankruptcy court's factual finding that only one of two required witnesses was present at the Debtors' mortgage closing is clearly erroneous, and (2) whether the bankruptcy court improperly shifted the burden of proof from the Trustee to the Appellant in making the finding that only one of two required witnesses was present at that closing.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to hear and decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order by a bankruptcy court determining the validity of a lien is a final order for purposes of 28 U.S.C. § 158(a)(1). *See* 28 U.S.C. § 157(b)(2)(K).

The Panel must "affirm the underlying factual determinations unless they are clearly erroneous." *Bailey v. Bailey* (*In re Bailey*), 254 B.R. 901, 903 (B.A.P. 6th Cir. 2000) (quoting *Nat'l City Bank v. Plechaty* (*In re Plechaty*), 213 B.R. 119, 121 (B.A.P. 6th Cir. 1997)). A factual determination is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bailey*, 254 B.R. at 903 (citations omitted).

The Panel reviews conclusions of law de novo. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks* (*In re Eubanks*), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citations omitted).

### III.  FACTS

On March 6, 1998, the Debtors, Michael and Christine Nowak, executed a mortgage in favor of Provident Bank ("Provident") at their residence.  The mortgage is facially valid. The mortgage bears the signatures of the Debtors; the mortgage bears the signature of a notary public, Robert A. Voss, indicating that the Debtors' signatures were acknowledged before him; and the mortgage bears the signatures of two witnesses, Robert A. Voss and Timothy Herrick.

The Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on March 20, 2001.  On October 4, 2001, the duly-appointed Chapter 7 Trustee, Lydia Spragin, filed a complaint pursuant to 11 U.S.C. § 544(a) to avoid the lien of Provident on the basis that the mortgage was not executed in accordance with the laws of the state of Ohio and thus was not entitled to be recorded under Ohio Revised Code § 5301.25.

Trial was held on March 21, 2003.  In addition to certain stipulated facts, the court made extensive findings of fact based upon the testimony and exhibits.  Ultimately, the court found that Voss was present during some portion of the closing at the Debtors' home, but that Herrick was not. This finding was based upon the court's findings that the Debtors were highly credible witnesses; that neither of them remembered either Voss or Herrick, but did recall that their mortgage broker was present at the closing; that Mrs. Nowak questioned why some of the documents called for two witnesses but only one was present; that Mrs. Nowak was told that that deficiency would be taken care of later; that the Debtors acknowledged that Polaroid photographs of their driver's licenses were taken at their dining room table; that neither Voss nor Herrick could recall the closing of the Debtors' loan, but certain notes on the closing order were made by Voss, indicating that he was present; that no documents retained by Voss or Herrick, or their employer, Tower City Title Agency, linked Herrick to the closing; and that Tower City's procedures generally did not call for two loan closers to go to a home closing when it was known beforehand that the mortgage broker would be present.

The bankruptcy court entered its Memorandum of Opinion and Order on June 9, 2003, granting judgment for the Trustee. The court found that, notwithstanding the strong presumption of validity given a facially valid mortgage under Ohio law, the presumption was rebutted by the clear and convincing evidence of the mortgagors' testimony and other evidence.

Provident filed its notice of appeal on June 13, 2003. Provident initially raised four issues on appeal: (1) whether the bankruptcy court's findings of fact were inconsistent and clearly erroneous; (2) whether the bankruptcy court committed reversible error by ruling that Ohio Revised Code § 5301.234 was unconstitutional; (3) whether the bankruptcy court violated the requirements of federalism by finding Ohio Revised Code § 5301.234 unconstitutional according to the Ohio constitution; and (4) whether the bankruptcy court committed reversible error by failing to apply the *per se* rule that the testimony of the mortgagors alone is insufficient as a matter of law to overcome the presumption of validity of a mortgage. The Panel certified the question of constitutionality of Ohio Revised Code § 5301.234 to the Supreme Court of Ohio, which found that section unconstitutional on December 17, 2004. *In re Nowak*, 104 Ohio St. 3d 466, 2004-Ohio-6777, 820 N.E.2d 335, ¶ 76.

Provident and the Trustee were given the opportunity to file supplemental briefs in this case in light of the supreme court's ruling. The parties agreed that the issues raised in the original appeal pertaining to the constitutionality of the state statute are no longer relevant, but that the remaining issues should be resolved by the Panel.

## IV.    DISCUSSION

Pursuant to 11 U.S.C. § 544, the trustee in bankruptcy may avoid any transfer of property of the debtor that is voidable by "a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." A bona fide purchaser of real property is not charged with constructive knowledge of a prior unrecorded mortgage. *Nowak* at ¶ 11. A mortgage that is not eligible for recordation, even though it is in fact recorded, cannot serve as constructive notice to a subsequent bona fide purchaser. *Id.* Former Ohio Revised Code § 5301.234, declared

unconstitutional by the Ohio Supreme Court, sought to change this result as to facially valid, but defectively executed mortgages. *Id.*

Pursuant to Ohio law, a mortgage is eligible for recordation only if it is signed by the mortgagor; the mortgagor acknowledges his signature before a notary public who signs the mortgage as notary public; and the mortgage is executed in the presence of two attesting witnesses. Ohio Rev. Code Ann. § 5301.25. While a facially valid mortgage bears a strong presumption of validity, the presumption may be overcome by clear and convincing evidence. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024-25 (6th Cir. 2001) *(citing Coshocton Nat'l Bank v. Hagans*, 40 Ohio App. 190, 178 N.E. 330 (1931)). The burden of proof lies with the party contesting the validity of the mortgage. *Id.*

In *Zaptocky*, although two witnesses' signatures appeared on the mortgage, the debtors testified that only one of those witnesses, the closer (who also notarized the signatures of Mr. and Mrs. Zaptocky), was present at the closing in the debtors' home. The closer in *Zaptocky* testified that he had no specific recollection of the closing, but that his employer had a policy of not closing loans unless two witnesses were present and that he would not have violated that policy. The bankruptcy court found that the closer's testimony was outweighed by the debtors' testimony that only one witness was present, particularly in light of the importance of the loan to the borrowers. The bankruptcy appellate panel and the court of appeals affirmed. *Zaptocky*, 250 F.3d at 1023.

The facts of the present case are very similar to those of *Zaptocky*. In both cases, the testimony of the borrowers is unequivocal that only one person was present when the mortgage was executed, while the subscribing witnesses had no specific recollection of the closing. In both cases, the closing took place in the home of the borrowers, and the bankruptcy court in both cases considered that fact significant, reasoning that the borrowers were likely to know how many strangers were present in their home. In *Zaptocky*, neither the loan closer nor the borrowers knew or recognized the name of the alleged second witness. In this case, although the Debtors did not recognize Herrick's name, and Voss, the loan closer, did not recall Herrick being at the closing, Herrick was known by Voss to be an employee of Tower City. Herrick testified that he has never signed a document as witness that he did not see signed. Despite the testimony of Voss, Herrick, and the CEO of Tower City that Tower City and its employees usually maintain documents such as

closing schedules, mileage logs, and calendars, which would have reflected who was present at the Nowaks' closing, none of these documents was produced at trial.

Provident argues that the bankruptcy court's reliance on the lack of evidence of Herrick's presence effectively shifted the burden of proof from the Trustee to Provident. The evidence upon which the bankruptcy court primarily relied was the Debtors' testimony, however, and the bankruptcy court explicitly found the Debtors' testimony to be credible. Provident's failure to provide evidence of Herrick's presence serves merely to underscore the Debtors' testimony and undermine the testimony by Herrick that he never signed as a witness unless he was actually present at a closing. The bankruptcy court did not improperly shift the burden of proof.

Provident asserts that the bankruptcy court cannot find the Debtors to be credible witnesses and at the same time, find that something that they testified to – that Voss was never present in their home – was incorrect. Provident urges either (1) that if the Debtors were mistaken about the absence of Voss in their home, then they must also be mistaken about the absence of Herrick in their home, or (2) that if the Debtors were mistaken about the absence of Voss in their home, their testimony concerning the absence of Herrick, without more, cannot overcome the presumption of validity afforded to the facially valid mortgage.

The first proposition is logically invalid. It does not follow that a finding of mistake about one fact necessitates a finding of mistake about another, unrelated fact. The presence or absence of Voss says nothing about the presence or absence of Herrick. The fact that the Debtors were mistaken about the absence of Voss at most indicates that the Debtors may have been mistaken about other facts. The credibility of the Debtors as to these other facts is still a question to be determined by the bankruptcy judge.

The second proposition is no more logically valid than the first, but calls upon the Panel to infer a *per se* rule that the testimony of a witness who has been found to be mistaken about one fact, without more, cannot overcome the presumption of validity. The court of appeals specifically found in *Zaptocky* that the Ohio courts have not established a *per se* rule that precludes a party from relying solely on the mortgagor's testimony to establish that a mortgage has been improperly executed. *Zaptocky*, 250 F.3d at 1025. The court indicated that Ohio's *per se* rule applies only when the mortgagor's testimony is rebutted by a notary public's certificate of acknowledgment. *Id.* Just as

in *Zaptocky*, the notary's certificate in this case relates only to the signatures of the Debtors, not to the signatures of the attesting witnesses. No *per se* rule applies to prevent the court from considering the testimony of the Debtors as mortgagors, and no *per se* rule prevents the court from crediting their testimony even when they have been found to be mistaken about another fact. Unless the two facts are related, such that mistake about the first somehow compels mistake about the second, the trier of fact is still left to determine the credibility and weight to be given the testimony of the witness.

In this case, the court could have concluded that at any one time, there was only one person other than the Debtors in the Debtors' home at the time of the loan closing. This view is consistent with the testimony of both the Debtors that only one person was at the closing. It is consistent with Mrs. Nowak's question about the need for two witnesses. It is consistent with Voss' note that the loan broker was leaving as he came to the Debtors' home. It is consistent with Voss taking the photographs of the Debtors' driver's licenses. It is consistent with the inability of Tower to produce business records indicating the presence of Herrick at the closing. It is consistent with the inability of Herrick to recall the closing, but inconsistent with his statement that he never signed a document as witness that he did not see signed. The bankruptcy court noted that Herrick also testified that at the time of the Nowaks' closing, he was closing 600-800 transactions a year. The court found it unlikely that a person with that workload would drive an hour to a closing merely to function as a witness. Implicitly, the court did not credit Herrick's testimony. The court expressly credited the Debtors' testimony.

Where the fact finders' "account of the evidence is plausible in light of the record viewed in its entirety," and "[w]here there are two permissible views of the evidence, the fact finders' choice between them cannot be clearly erroneous." *Simon v. Chase Manhattan Bank (In re Zaptocky),* 232 B.R. 76, 81 (B.A.P. 6th Cir. 1999), *aff'd*, 250 F.3d 1020 (6th Cir. 2001) (quoting *Sicherman v. Diamoncut, Inc.* (*In re Sol Bergman Estate Jewelers, Inc.*), 225 B.R. 896, 904 (B.A.P. 6th Cir. 1998)). Provident offered no explanation of the facts that takes into account all of the evidence. If both Voss and Herrick were present at the closing, then Provident cannot explain Mrs. Nowak's question about the need for two witnesses, nor can it explain the inability of Tower City to produce business records linking Herrick to the closing. The bankruptcy court did not impermissibly shift the burden of proof to Provident, but took into account all of the evidence presented which, taken

together, was clear and convincing. The finding of the bankruptcy court that only one witness was present at the mortgage closing is not clearly erroneous.

## V.   CONCLUSION

For the foregoing reasons, the judgment on appeal is **AFFIRMED**.